Steward *v.* Riggs & al.

## STEWARD *vs.* RIGGS, & *al.*

A bond being in suit, and the writ in the hands of the officer, but not served, the obligor went to the attorney of the obligee, to pay him the money. The attorney cast the amount of the debt due, and wrote a receipt on the back of the bond, which was delivered to or taken up by the obligor, who handed over the money, at the same time, to the attorney. While the latter was counting the money he discovered and remarked that the costs had been accidentally omitted, which, however, the obligor refused to pay, and went away with the bond, the attorney refusing to receive the money. Hereupon it was held that the bond was not discharged.

The change of the indorser of a writ, before service, does not affect its character as a legal writ from the time of its date.

THIS case, which was debt on a gaol bond, came up by excep-

tions filed by the plaintiff to the opinion of *Whitman C. J.* in the Court below.

It appeared that after the writ was made and placed in the hands of an officer for service, Mr. *Fisk*, the surety in the bond, came to the office of Mr. *Williamson*, the plaintiff's attorney, and proposed payment. The latter accordingly cast the amount of the debt, for which he wrote and signed a receipt, on the back of the bond. *Fisk* handed the money to the attorney or laid it on the table near him, and took up the bond, or it was handed to him by *Williamson ;* the manner of this transaction not being distinctly recollected by the witness. While the one was reading the receipt, and the other was counting the money, *Williamson* recollected and remarked that there was a mistake, the money not being sufficient ; for that there was a writ, and probably a service, to be paid for ; and that he should not receive the money unless the costs were paid. *Fisk* refused to pay any expenses, and went away, taking with him the bond ; *Williamson* at the same time refusing to receive the money, which he threw into a chair near *Fisk*, and informing him that the action would be entered, if the costs were not paid. Shortly afterwards, the attorney perceiving that his testimony might be material in the cause, called on the officer and erased his own name from the writ, as indorser ; directing the officer to procure another indorser to the writ, and serve it ; which was done. The money left by *Fisk* was produced in court and again offered to him, but not accepted.

Upon these facts, *Whitman C. J.* was of opinion that the action could not be maintained ; and nonsuited the plaintiff, who filed extions to his opinion.

*Williamson*, in support of the exceptions, cited *Fitch v. Sutton*, 5 *East.* 231 ; *Tobey v. Barker*, 5 *Johns.* 68 ; 1 *Dane's Abr.* 442, sec. 52 ; 6 *Dane's Abr.* 146, sec. 7 ; *Lewis v. Gamage*, 1 *Pick.* 350 ; *Kellogg v. Gilbert*, 10 *Johns.* 222 ; *Thoms v. Powell*, 7 *East.* 536 ; 12 *Mass.* 414.

*T. McGaw*, for the defendants, cited *Caldwell v. Leavitt*, 13 *Mass.* 422.

Steward *v.* Riggs & al.

MELLEN C. J. delivered the opinion of the Court.

In our view, the decision of this cause must depend upon the peculiar circumstances in which *Williamson* and *Fisk* met and proceeded in their arrangements for the payment of the sum due on the bond and the settlement of the concern ; and also in which they separated. The sum indorsed on the bond was equal to the amount claimed as due thereon ; but not sufficient for the payment of that, and also of the price of the writ which had been made some time before. We are of opinion, that the change of the indorser had no tendency to change its character, as a legal writ from the time of its date ; and that the same was a proper charge against the defendants ; and had they made a tender, to prevent the service of the writ and prosecution of the action, they must have tendered the cost of the writ, to render the tender effectual. The object of *Fisk*, however, was not a tender, but payment. Do the facts before us prove a payment and settlement of the demand or not? While *Fisk* was counting his money, *Williamson*, the attorney of the plaintiff, was writing the receipt indorsed on the bond ; and as *Fisk* laid down the money or handed it to *Williamson*, he took the bond, or *Williamson* handed it to him, (it does not appear which ;) and while he was reading the indorsement, and *Williamson* was counting the money, he mentioned that he had forgotten to add the cost of the writ and then claimed the payment for it. *Fisk* refused to pay for it and retained the bond, and *Williamson* refused to receive the money. In this stage of the business the parties at once separated. One was examining the receipt to see that all was right ; and *Williamson*, as he had a right to do, was counting the money to ascertain its amount and then discovered his mistake and requested to have it rectified. From these facts it appears that the business was not completed nor the mutual rights of the parties changed by the transactions above stated. For these reasons, without any particular examination of authorities adduced on either side, our opinion is that the exceptions are sustained. The verdict is set aside, and a new trial is to be had at the bar of this Court.